KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Nicole Couch

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicole Couch, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Reliant Recovery Services, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Nicole Couch, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Nicole Couch (hereafter "Plaintiff"), is an adult individual residing at 77 North Camino Seco, Apartment 2146, Tucson, Arizona 85710, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Reliant Recovery Services, Inc. (hereafter "Defendant"), is a company with an address of 2210 East Route 66, Suite 101, Glendora, California 91740, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

2

6. Does 1-10 (the "Collectors") are individual collectors employed by Reliant and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Reliant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1,600.00 (the "Debt") to Western Dental (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Reliant for collection, or Reliant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Reliant Engages in Harassment and Abusive Tactics**

12. Within the last year, Reliant contacted Plaintiff in an attempt to collect the Debt.

3

13. Reliant threatened to file immediate legal action against Plaintiff if the Debt was not paid immediately. To date, no such action has been filed.

14. Reliant used rude and abusive language with Plaintiff in an effort to intimidate Plaintiff into making an immediate payment, causing Plaintiff a great deal of distress and frustration.

15. Reliant was loud and aggressive with Plaintiff and stated: "Crying to us won't get your bills paid". The conversations with Reliant caused Plaintiff to feel oppressed and humiliated.

C. **Plaintiff Suffered Actual Damages**

16. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

4

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

19. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

21. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

22. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

23. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

27. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

28. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

29. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

**1**
**2**
**3**
C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

**4**
**5**
**6**
**7**
**8**
**9**
D. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and interference with contractual relations in an amount to be determined at trial for the Plaintiff;

**10**
**11**
E. Punitive damages;

**12**
**13**
F. For Plaintiff's statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341.

**14**
**15**
**16**
G. For Plaintiff's reasonable attorneys' fees and costs in relation to any Arizona contract claim pursuant to A.R.S. § 12-341.01. and

**17**
H. Such other and further relief as may be just and proper.

**18**
**19** **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**20**
**21**
**22**
**23**
**24**
**25**
**26**
**27**
**28**

7

| | | |
|---|---|---|
| 1 | DATED:  October 25, 2011 | KINDRA DENEAU |

By: ___/s/   *Kindra Deneau*___
Kindra Deneau
Lemberg & Associates, LLC
Attorney for Plaintiff
Nicole Couch